IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| HILLARY A. SCHORNACK, | ) | |
| | ) | |
| Plaintiff, | ) | 8:05CV53 |
| | ) | |
| v. | ) | |
| | ) | |
| BECTON, DICKINSON AND COMPANY, a New Jersey corporation organized under the laws of the State of New Jersey, | ) ) ) ) ) | MEMORANDUM AND ORDER |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the motion for protective order filed by the plaintiff Hillary A. Schornack ("Schornack")(Filing No. 26). Defendant Becton, Dickinson and Company ("defendant") replied to Schornack's motion on April 21, 2005 (Filing No. 27). The Court has reviewed the parties' submissions and applicable law and finds that the plaintiff's motion should be denied.

Schornack seeks a protective order to restrict the scope of defendant's interrogatory number 5 which seeks the names and addresses of all physicians, hospitals, health care providers or clinics which treated or examined Schornack in the past fifteen years. Schornack seeks a limitation on this interrogatory to only those providers who have treated or examined her in relation to her Type I Diabetes which is at issue in her claim under the Americans with Disabilities Act ("ADA").

The defendant asserts that the interrogatory is appropriate because it seeks only the providers' names and addresses, because Schornack's complaint includes a general claim for compensatory damages, and because the complaint includes allegations that certain jobs were too strenuous, required her to work too many hours and other reasons which make relevant the exploration of other medical and psychological conditions that may be pertinent to the alleged restrictions.

Under the liberal discovery principles of the federal rules, the party seeking to restrict discovery bears a heavy burden to show why discovery should be restricted.  *Tele-Radio Systems Ltd. v. De Forest Electronics, Inc.*, 92 F.R.D. 371 (D.C.N.J. 1981).  Under Federal Rule of Civil Procedure 26(b)(1), "parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action."  Fed. R. Civ. P. 26(b)(1).  "The information sought need not be admissible at trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence."  *Id*.  Where the issue is discoverability, rather than admissibility at trial, the Court finds that this interrogatory seeks relevant information and Schornack's motion will be denied.  Accordingly,

IT IS ORDERED that defendants' motion for protective order (Filing No. 26) is denied.

DATED this 26th day of April, 2005.

BY THE COURT:

/s/ Lyle E. Strom
_____
  LYLE E. STROM, Senior Judge
  United States District Court