FILED
U.S. DISTRICT COURT
DISTRICT OF NEBRASKA

05 MAY -4 PM 1:36

OFFICE OF THE CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| HILLARY A. SCHORNACK, | ) | CIVIL CASE NO. 8:05CV53 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **STIPULATED PROTECTIVE ORDER** |
| | ) | |
| BECTON, DICKINSON AND COMPANY, a New Jersey Corporation organized under the laws of the State of New Jersey, | ) ) ) ) | |
| | ) | |
| Defendant. | ) | |

THIS MATTER having come before the Court upon the Stipulated Motion for Entry of Protective Order and the Court being duly advised of the premises herein,

IT IS HEREBY ORDERED as follows:

1. The parties anticipate that Plaintiff may seek information which has or will be designated by Defendant as containing highly sensitive proprietary business and financial information, personnel information, and/or trade secrets, the parties also anticipate that Defendant will seek medical, employment, or other types of information relating to Plaintiff [hereinafter "Confidential Information"]. Any documents produced or information provided in response to any discovery request may be designated by either party as "confidential" in the following manner:

   a. By imprinting the word "confidential" on the first page or cover of any document produced;

   b. By imprinting the word "confidential" next to or above any answer to any Interrogatory; and

   c. With respect to portions of a deposition transcript, by making arrangements with the attending court reporter to bind the confidential portion(s) of such transcripts separately and labeling them as "confidential."

2. All documents and information provided by a party in response to a discovery request or deposition testimony designated as "Confidential Information" shall be subject to the following restrictions:

   a. They shall be used only for the purpose of this litigation and not for any business or other purposes whatsoever;

    b.    They shall not be communicated or disclosed in any manner, either directly or indirectly, to anyone other than:

        (1)    The attorneys of record and persons employed by them;

        (2)    Outside experts who have, prior to disclosure, agreed in writing to be bound by the terms of this Protective Order as provided in sub-paragraph (d) hereof;

        (3)    The parties or their representatives, provided that confidential documents containing personally identifiable information about current or former employees of Defendant may not be disclosed without the prior consent of the Defendant or upon Court order;

        (4)    This Court and Court personnel; and

        (5)    Such other persons as the Court may specifically approve after notice and hearing.

    c.    All information designated as "Confidential Information" by either party in whatever format shall be furnished only under the terms of this Protective Order and shall be treated by all persons accorded access pursuant to this Protective Order as constituting Confidential Information and shall neither be used nor disclosed except for the purpose of this litigation, and solely in accordance with this Protective Order or subsequent order of the Court upon motion.

    d.    It is further ordered that this "Confidential Information" shall not be disclosed to anyone except those categories of persons provided herein and who have signed a Nondisclosure Agreement and to whom disclosure is necessary for the purposes associated with this lawsuit.

    e.    Individuals authorized to review "Confidential Information" pursuant to this Protective Order shall hold such information in the strictest confidence and shall not divulge the information, either verbally or in writing, to any other person, entity or government agency unless authorized by the disclosing party or order of the Court.

    f.    No access to "Confidential Information" shall be provided to any individual, including the parties or their counsel of record, until the individual to be accorded access has signed a Nondisclosure Agreement in the form attached as Exhibit "A", attached hereto, certifying that they have read this Protective Order and agree to be bound by its terms and such executed Nondisclosure Agreement has been provided to disclosing counsel. In addition to the foregoing, no access to "Confidential Information" will be accorded to experts,

  consultants and other persons or entities retained to assist them in this litigation, until the individual to be accorded access has signed a Nondisclosure Agreement in the form of Exhibit "A," attached hereto, certifying that they have read this Protective Order and agree to be bound by its terms.

  g. In the event Defendant learns of information which causes any one or all of them to have a good faith concern that a signatory to a Nondisclosure Agreement is employed by or affiliated with any business or enterprise that is a competitor of Defendant and otherwise poses a threat that disclosure of "Confidential Information" to the signatory will create a reasonable risk that the information could be used in a manner that could harm Defendant's business interests, Defendant may file an objection to disclosure of "Confidential Information" to such signatory with the Court. In such an event, no "Confidential Information" will be provided to such signatory until the Court determines whether disclosure will be permitted.

  h. Before trial, counsel for the parties shall agree to the appropriate means to protect the confidentiality of the information that counsel desire to present at trial. If counsel cannot reach an agreement, they shall apply to the Court for resolution of the issue.

  i. There shall be no reproduction whatsoever of any confidential documents or information, except that, as required in the course of this litigation, copies, excerpts or summaries may be shown or given to those persons authorized by this Protective Order to receive such documents or information.

  j. All documents, information identified as "confidential," including all copies, excerpts and summaries, must be retained in the custody of counsel or other persons authorized by this Protective Order during the pendency of this litigation.

  3. Acceptance by a party of any information, document or thing identified as "Confidential Information" shall not constitute a concession that the information, document or thing is confidential. If, subsequent to the acceptance of information or documents identified as "Confidential Information," a party wishes this Court to rule upon the other party's claim of confidentiality, that party may move this Court for such determination. In the resolution of such motion, the burden of establishing the confidentiality of the information or document shall be on the party who made the claim of confidentiality. However, materials designated as confidential shall be treated as such pending resolution of the motion by the Court. It is, however, acknowledged by the parties that, without limitation, the following information may be claimed as being "Confidential Information:"

  a. Information that is not normally available to the parties without restriction;

  b. Information that is not a part of the public domain;

      c.      Information of a third party that is deemed confidential by the third party and which was made available to the disclosing party pursuant to the terms of a confidential/restricted information agreement.

Provided that nothing herein shall preclude either party from challenging in court the "Confidential Information" status of any document.

      4.      In the event that a party shall desire to provide access to information or documents identified as "Confidential Information" hereunder to any person or category of persons not identified above, it shall move this Court for an order that such a person or category of persons may be given access to the information. In the event that the motion is granted, such person or category of persons may have access to the information, provided that such person or persons have agreed in writing before such access is given to be bound by the terms of this Protective Order, or other conditions as the Court may order.

      5.      Upon final termination of this action, including all appeals, all "Confidential Information" provided in discovery, including any copies, excerpts, or summaries thereof that have been prepared by the parties, their counsel, experts, consultants and other persons or entities retained to assist counsel in this litigation, shall be returned to counsel for the disclosing party. No copies shall be retained by counsel, experts, consultants or other individuals retained by either party to assist them in this litigation. This paragraph shall not preclude counsel from retaining documents constituting their attorney work product as defined by applicable law.

Dated this 4th day of May, 2005, at Omaha, Nebraska.

BY THE COURT:

_____
U.S. District Court Judge

Approved as to Form and Content:

_____
Robert F. Rossiter, Jr. #16630
FRASER, STRYKER, MEUSEY,
OLSON, BOYER & BLOCH, P.C.
500 Energy Plaza
409 South 17 Street
Omaha, Nebraska 68102-2663
(402) 341-6000
Attorneys for Defendant
381096

_____
Andrew D. Weeks #22733
Stratton, Ptak & Kube, P.C.
200 West Benjamin Avenue
P.O. Box 888
Norfolk, Nebraska 68702-0888
(402) 371-3100
Attorneys for Plaintiff

## NONDISCLOSURE AGREEMENT

I, _____, certify that I have read the Protective Order entered in the case of _____. I understand the terms of that Protective Order and I agree to be bound by its terms.

_____

EXHIBIT A